IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KIAYRE BRAXTON, | § | |
| | § | No. 211, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1802005743 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 24, 2025
Decided: October 1, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     Kiayre Braxton appeals the Superior Court's denial of his motion for the correction of an illegal sentence.  The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Braxton's opening brief that his appeal is without merit.  We agree and affirm.

(2)     On February 10, 2019, Braxton resolved three sets of pending criminal charges by pleading guilty to one count of conspiracy to commit racketeering, one count of drug dealing (heroin), and three counts of possession of a firearm during the commission of a felony (PFDCF).  As part of the plea agreement, Braxton agreed

that he was eligible to be sentenced as a habitual offender under 11 *Del. C.* § 4214(b) based on his three prior felony convictions: a 2010 conviction for escape after conviction, a 2009 conviction for possession with intent to deliver heroin, and a 2008 conviction for possession of heroin within 1000 feet of a school. In exchange, the State dismissed Braxton's remaining charges and asked the Court to impose the minimum-mandatory sentence. The Superior Court immediately sentenced Braxton, in accordance with the plea agreement, to 24 years and 6 months of incarceration followed by decreasing levels of supervision. Braxton did not appeal his convictions or sentence.

(3) In April 2025, Braxton moved for the correction of an illegal sentence under Superior Court Criminal Rule 35(a). Braxton claimed that his sentences for PFDCF are illegal because they were enhanced based on facts not found unanimously by a jury, in violation of *Erlinger v. United States*.[1] The Superior Court denied the motion, finding that Braxton "admitted to all of the facts a jury would need to find unanimously beyond a reasonable doubt for the enhancements to apply."[2] Braxton appeals.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the

---

[1] 602 U.S. 821 (2024).
[2] *State v. Braxton*, 2025 WL 1101627, at *2 (Del. Super. Ct. Apr. 14, 2025).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)  We agree with the Superior Court's determination that Braxton's enhanced sentences are not illegal.  When Braxton committed the PFDCF offense for which he was sentenced as a habitual offender, Section 4214(b) provided in relevant part:

> Any person who has been 3 times convicted of a felony under the laws of this State … and who shall thereafter be convicted of a subsequent felony, which is the person's first Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title, shall receive a minimum sentence of ½ of the statutory maximum penalty provided elsewhere in this title….[6]

Because PFDCF was a class B violent felony, Braxton was subject to a sentencing range of 12 years and 6 months up to life if he had three prior felony convictions.[7]

---

[4] *Id.*

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] 11 *Del. C.* § 4214(b) (effective April 13, 2017, to July 10, 2018).

[7] *See id.* § 4205(b)(2) (effective June 30, 2003, to present) (establishing a sentencing range of 2 to 25 years for a class B felony); *id.* § 4201(c) (effective Sept. 3, 2014, to July 30, 2023) (defining PFDCF as a violent felony); *id.* § 4214(b) (effective April 13, 2017, to July 10, 2018) (establishing a sentencing range for a defendant's first Title 11 violent felony conviction of one-half of the maximum penalty otherwise provided by statute up to life if the defendant had three prior felony convictions).

(6)    When Braxon committed all the PFDCF offenses, 11 *Del. C.* § 1447A provided in relevant part:

> A person convicted [of PFDCF], and who has been at least twice previously convicted of a felony in this State or elsewhere, shall receive a minimum sentence of 5 years at Level V….[8]

Braxton was therefore subject to a minimum-mandatory sentence of five years for each PFDCF conviction if he had two prior felony convictions.

(7)    In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt" *or* "freely admitted in a guilty plea."[9]  As part of his plea agreement, Braxton admitted the facts that made him subject to habitual-offender sentencing under Section 4214(b) and enhanced sentencing under Section 1447A.  His sentence is therefore not illegal under *Erlinger*.[10]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] 11 *Del. C.* § 1447A(c) (effective July 9, 2001, to May 23, 2018).
[9] *Erlinger*, 602 U.S. at 834 (citation modified).
[10] Braxton has waived the arguments he raises for the first time on appeal. Del. Supr. Ct. R. 8.